WILLIAM F. DUGGAN *vs.* NEW ENGLAND RAILROAD COMPANY.

Worcester.   October 3, 1898. — January 6, 1899.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Railroad — Grade Crossing — Negligence — Instructions.*

In an action against a railroad corporation under Pub. Sts. c. 112, § 213, for personal injuries caused by a collision of the defendant's engine with a sleigh in which the plaintiff was riding at a grade crossing, he and his companion, who was driving, testified that, when within twenty-five or thirty yards of the crossing, they stopped and listened, but heard no sound of an approaching train.   There was evidence tending to show that the whistling post was nearer the crossing than the distance prescribed by the statute; and the engineer and fireman of the

train and other witnesses testified that the whistle was blown at the whistling post, and that the whistle and bell were sounded alternately to and over the crossing. The judge instructed the jury, among other things, as follows: "If you are satisfied that the failure to give those signals contributed to the injury, and if you find there was not gross negligence on the part of the plaintiff, or the person who was driving him, contributing to the injury, it is entirely within your province to infer from those facts that the failure to give the statutory signals did contribute to the injury to the plaintiff." *Held,* that the instruction was not open to exception.

TORT, under Pub. Sts. c. 112, § 213, for personal injuries caused by a collision of the defendant's engine with a sleigh in which the plaintiff was riding at a grade crossing in Franklin. The declaration contained three counts, the first of which alleged failure to give the signals required by statute, and that such failure contributed to the injury. Trial in the Superior Court, before *Gaskill,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff was riding with one Desjarlais, who was driving, in an open sleigh drawn by a single horse on a highway leading from Franklin towards Woonsocket, and crossing the defendant's railroad at grade. They testified that they approached the crossing about ten minutes past six on the evening of February 2, 1897; that when within twenty-five or thirty yards of the crossing, they stopped and listened; that there were some obstructions which prevented a view of the railroad in the direction from which the train came; that there was no whistle blown and no bell sounded upon the locomotive as the train approached; that they had no bells on their own horse or sleigh; that it was in the country, and there were no sounds to prevent their hearing any noise that might be made; that they started to cross the railroad at the crossing; that when nearly over the crossing they saw the train right upon them; that they did not hear the train until it was upon them; and that it struck the sleigh, causing the injury complained of.

The defendant called several witnesses to prove that the whistle was blown at the usual place, and the bell rung and whistle blown alternately from that place to the crossing. There was evidence tending to show that the whistling post was only 1209 feet from the crossing, instead of eighty rods, as prescribed by the statute.

The engineer of the train testified that he blew the whistle in

the neighborhood of the whistling post, and the fireman testified that the whistle was blown at the whistling post and the bell rung from the time the whistle ceased blowing to and over the crossing. There was evidence that the train was running from thirty-five to forty miles an hour.

The judge instructed the jury that, if the whistle was not blown until the train arrived at a point 1209 feet from the crossing, and the whistle was then blown and the bell rung continuously or alternately to and over the crossing, that would be a violation of the law, and the plaintiff, so far as that matter was concerned, would have made out his case; and that they must also find whether the omission of the signals contributed to the injury.

He then instructed the jury as follows : " If you are satisfied, under this first count, that that whistling post was less than eighty rods from this crossing, and that the first announcement of the whistle or bell was practically at the whistling post, then the burden which must be maintained by the plaintiff has been maintained, and you are entitled to render a verdict for him. If you are satisfied that the failure to give those signals contributed to the injury, and if you find there was not gross negligence on the part of the plaintiff, or the person who was driving him, contributing to the injury, it is entirely within your province to infer from those facts that the failure to give the statutory signals did contribute to the injury to the plaintiff."

To the latter part of the instructions the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding,* ( *W. C. Mellish* with him,) for the defendant.

*H. Parker & C. C. Milton,* for the plaintiff, were not called upon.

BARKER, J. The exceptions must be overruled. The portion of the charge excepted to is not open to the construction which the defendant attempts to put upon it, that the jury were told that they might infer from the failure to give the statutory signals alone that that failure contributed to the plaintiff's injury. The charge was given in view of all the evidence, and was to be acted upon by the jury in dealing with all the evidence. There was evidence tending to show that the plaintiff and his com-

panion stopped near the tracks before entering upon them, and listened to ascertain whether a train was approaching. It is possible that at that time, if the law had been complied with by the defendant, the whistle would have been blown or the bell rung, and that the signals would have been heard, notwithstanding the fact that similar signals given after the plaintiff and his companion had started to cross the track were not heard.

*Exceptions overruled.*